**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| In Re:  THOMAS LEE DICKER<br>TRACEY LAVERNE DICKER<br>FKA TRACEY L. ARRINGTON<br>FKA TRACEY L. WILSON<br><br>    Debtors. | Case No.: 19-51336-SCS<br>Chapter 13 |
| NEWPORT NEWS SHIPBUILDING<br>EMPLOYEES' CREDIT UNION, INC.<br>D/B/A BAYPORT CREDIT UNION<br><br>    Plaintiff,<br>v.<br><br>TRACEY LAVERNE DICKER<br>FKA TRACEY L. ARRINGTON<br>FKA TRACEY L. WILSON<br><br>    Defendant. | APN NO.: _____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

NOW COMES, Newport News Shipbuilding Employees' Credit Union, Inc. d/b/a BayPort Credit Union ("Credit Union") by counsel, and moves this Court to determine that the obligations owed to it by Tracey L. Dicker FKA Tracey L. Wilson ("Debtor") is not dischargeable through this proceeding pursuant to 11 U.S.C. §523(a)(8).  In support thereof, the Credit Union represents as follows:

Steven L. Brown, Esquire
Tiffany & Brown
Counsel for Newport News Shipbuilding Employees' Credit Union, Inc.
d/b/a BayPort Credit Union
770 Independence Circle
Virginia Beach, VA 23455
757-497-1449 telephone
757-497-1867 facsimile
steven@tiffanylawfirm.com
VSB #23740

## JURISDICTION AND VENUE

1. The bankruptcy court has subject matter jurisdiction over this case by virtue of 28 U.S.C. §1334(b).

2. This matter constitutes a core proceeding under 28 U.S.C. §157(b)(2)(I).

3. The venue of this action is proper, and in accordance with 28 U.S.C. §1409(a).

## FACTS

4. The Debtors filed for relief pursuant to Chapter 13 on September 18, 2019.

5. R. Clinton Stackhouse was appointed Chapter 13 Trustee.

6. The Plaintiff is not-for-profit entity.

7. On or about June 29, 2015, the Debtor and Emoni Dempsey ("Dempsey") filled out and submitted a Loan Application for a Private Education Line of Credit ("Application"), a copy of the Application is attached as **Exhibit A**.

8. On or about June 29, 2015, the Debtor and Dempsey signed the undergraduate Private Education Line of Credit Agreement "(Agreement"), a copy of the Agreement is attached as **Exhibit B.**

9. Pursuant to paragraph 4C of the Agreement, the Debtor and Dempsey agreed that the loan proceeds would be used only for Qualified Educational Expenses as defined by 26 U.S.C. Section 221 (d)(2) and 20 U.S.C. Section 1087.

10. Pursuant to paragraph 6c (page 3) of the Agreement and the Notice to Cosigner (page 12), the Debtor and Dempsey agreed to pay costs of collection.

11. The Private Education Line of Credit Account Opening Disclosures are attached as **Exhibit C**.

12. The Debtor and Dempsey borrowed certain sums of money pursuant to the Education Line of Credit in the amount of $66,256.00 less three (3) disbursements cancellations, copies of the statements evidencing the advances and cancellations are attached as **Exhibit D**.

13. The funds borrowed were sent directly to the school and were used for Qualified Education Expenses as defined in 26 U.S.C. Section 221(d)(2) and 20 U.S.C. Section 1087.

14. The current interest rate is 11.25% per annum.   See Exhibit D.

15. The current balance of the debt is $78,167.05 as of August 19, 2020, with interest accruing on the debt.

## COUNT I

16. The allegations contained in paragraphs 1 through 15 are incorporated by reference.

17. The Debtor and Dempsey obtained education loans from the Credit Union for which there is an outstanding and unpaid balance.

18. The Credit Union is a non-profit entity

19. Therefore the debt owed to the Credit Union is not dischargeable pursuant to 11 U.S.C. Section 523(a)(8)(A).

## COUNT II

20. The allegations contained in paragraphs 1 through 15 are incorporated by reference.

21. Pursuant to the Agreement the Debtor agreed that the loan proceeds would be used for and were used for Qualified Education Expanses as defined by 26 U.S.C. Section 221(d)(2) and 20 U.S. C. Section 1087.

22. U.S. Code Section 26 is also known as the Internal Revenue Code.

23. Since the loan proceeds were used for Qualified Education Expenses the Debt is defined as a qualified education loan, and therefore is non-dischargeable pursuant to 11 U.S.C.

Section 523(a)(8)(B).

WHEREFORE, Newport News Shipbuilding Employees' Credit Union, Inc. d/b/a BayPort Credit Union prays that this Court enter an Order determining that the debt owed to the Credit Union be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(8)(A) and (B); that this Court award Newport News Shipbuilding Employees' Credit Union, Inc. d/b/a BayPort Credit Union a judgment against the Debtor in the amount of $78,167.05 plus interest at the rate of 11.25% and attorney fees and costs and grant such other relief as the court deems appropriate.

**NEWPORT NEWS SHIPBUILDING EMPLOYEES' CREDIT UNION, INC. D/B/A BAYPORT CREDIT UNION**
By:  /s/ Steven L. Brown
           Of Counsel