-IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

In re: THOMAS LEE DICKER      Case No. 19-51336-SCS
       TRACEY LAVERNE DICKER     Chapter 13
       FKA TRACEY L. ARRINGTON
       FKA TRACEY L. WILSON
       Debtors

---

**NEWPORT NEWS SHIPBUILDING**
**EMPLOYEES' CREDIT UNION, INC.**
**D/B/A/ BAYPORT CREDIT UNION**

       **Plaintiff,**

**v.**     **Adv. Pro. No. 20-05012-SCS**

**TRACEY LAVERNE DICKER**
**FKA TRACEY L. ARRINGTON**
**FKA TRACEY L. WILSON**

       **Defendant.**

---

## ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

       COMES NOW, Tracey Laverne Dicker ("Defendant" or "Debtor"), by counsel, and files this Answer to the Complaint filed by Newport News Shipbuilding Employees' Credit Union, Inc. d/b/a/ Bayport Credit Union ("Plaintiff"), and states as follows:

### JURISDICTION AND VENUE

1. Admit.

2. Admit.

3. Admit.

---

Barry W. Spear (VSB #39152)
Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Rd., Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Defendant

## FACTS

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. The attached document speaks for itself.

10. The attached document speaks for itself.

11. The attached documents speak for themselves and this paragraph makes no affirmative allegations requiring a response.

12. The attached document speaks for itself.

13. Admit.

14. Admit that the statement dated January 7, 2020 indicates that the interest rate on the loan was 11.25%. Deny that 11.25% was the interest rate of the loan on the petition date. The previous statement dated March 12, 2019 indicates that the interest rate was 11.00%. The Plaintiff has not furnished sufficient proof of the interest rate on the Petition date. Furthermore, Defendant's Exhibit B, paragraph 5(a) and Additional Account Opening Disclosures state that the interest rate on this loan is variable based on Prime Rate with a floor interest rate of 6% and a ceiling interest rate of 18%. The rate is adjusted quarterly based on changes to the Prime Rate. Any allegation not specifically admitted are denied.

15. Defendant is without sufficient knowledge to admit or deny as to the current balance of the debt and to the extent a response is required, this allegation is denied.  Admit that interest is accruing on the debt.

## COUNT I

16. The Defendant restates and incorporates herein her responses to the allegations set forth in Paragraphs 1 through 15.

17. Admit.

18. Admit.

19. Admit.

## COUNT II

20. The Defendant restates and incorporates herein her responses to the allegations set forth in Paragraphs 1 through 19

21. Admit.

22. This paragraph does not require a response.

23. Admit.

## CONCLUSION

24. Although the Defendant does not dispute that the loan in question is non-dischargeable, the Defendant asserts that the Plaintiff's request for judgment against the Defendant in the amount of $78,167.50 at 11.25% interest and attorney fees and costs is improper.

   a. The Plaintiff's Exhibit B states in unambiguous terms that the loan has a variable interest rate based upon the Prime Rate with a floor interest rate of 6% and a ceiling interest rate of 18%. The rate is adjusted quarterly based on changes to the Prime Rate. The Plaintiff's request for a judgment at 11.25% interest would materially alter the original agreement between the Plaintiff and Defendant.

    b. Furthermore, judgment is not proper in a 11 U.S.C. § 523(a)(8) determination for non-dischargeablility of loan. Unlike other provision in § 523(a) where a Complaint must be filed to determine non-dischargeability or the underlying debts is discharged upon entry of the discharge order, § 523(a)(8) is "self-executing" and an underlying loan that clearly falls under the provisions of § 523(a)(8)(A) or (a)(8)(B) is non-dischargeable absent the Bankruptcy Court making an independent determination of undue hardship. *United State Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277-278 (2010). The Plaintiff's loan clearly falls within § 523(a)(8)(B) and thus would be non-dischargeable even if the Plaintiff did not file this Complaint.

    c. Although Plaintiff's Exhibit B Paragraph 6(c) states that in the event of a default, the Plaintiff can collect against the Defendant, reasonable "attorneys' fees and legal expenses, including those related to bankruptcy proceedings including efforts to . . . confirm non-dischargeability . . .", the Plaintiff's request for attorney fees and cost is not proper nor reasonable. As previously stated in Paragraph 24(b), the loan with the Plaintiff clearly falls within § 523(a)(8)(B) and non-dischargeable without a court determination. Thus the Plaintiff did not have the need to file this Complaint and incur attorney fees and costs at the prejudice of the Defendant.

WHEREFORE, Defendant prays that the Court dismiss the Plaintiff's Complaint as the loans are non-dischargeable and no assertion of undue hardship is being claimed, deny the request for judgment and attorney fees and costs by the Plaintiff, and for such other and further relief as to the Court may deem necessary and appropriate.

**TRACEY LAVERNE DICKER**
By Counsel:


/s/ _Kathryne Mary Rose Shaw_____
Barry W. Spear (VSB #39152)
Kathryne Mary Rose Shaw (VSB #89561)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Rd., Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Defendant

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of this Answer was sent via CM/ECF to Steven L. Brown for Plaintiff, on October 2, 2020.

By:    /s/ Kathryne Mary Rose Shaw_____
        Counsel for Debtor/Defendant